**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHARMANE SMITH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 2:19-cv-02275-TLP-tmp |
| v. | ) | |
| | ) | |
| AMERICAN WATER RESOURCES OF | ) | |
| TENNESSEE and MEMPHIS LIGHT, GAS | ) | |
| AND WATER, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Magistrate Court issued a Report and Recommendation ("R & R") recommending
that the Court deny Plaintiff's motion for leave to proceed in forma pauperis. (ECF No. 12). It
also recommended that, if the Court chooses to enter an order adopting the R & R, Plaintiff
should have to pay the $400 civil filing fee within 14 days of the order's entry. (*Id.*) Plaintiff
timely objected to the R & R. (ECF No. 13.) For the reasons below, the Court DENIES
Plaintiff's objection and ADOPTS the R & R. Thus, the Court DENIES Plaintiff's motion for
leave to proceed in forma pauperis and DIRECTS Plaintiff to pay the filing fee if she wishes to
proceed with this action.

## BACKGROUND

Plaintiff began this action in the Southern District of Illinois. (ECF No. 2.) Plaintiff's
complaint included various allegations, including data privacy violations on the part of
Defendants. Plaintiff also moved for leave to proceed in forma pauperis. (ECF No. 3.)

Without ruling on the merits of Plaintiff's pleadings, the Southern District of Illinois entered an order noting that " the harm giving rise to this lawsuit occurred in Memphis, Tennessee, and is alleged to have been caused by companies in Tennessee." (ECF No. 8). Accordingly, the Southern District of Illinois ordered the case's transfer to this district.

The Magistrate Court was assigned the case under Administrative Order 2013-05. Under the Magistrate Court's ability to determine pretrial matters pending before the Court, it evaluated the merits of Plaintiff's motion for leave to proceed in forma pauperis. (ECF No. 12) The Magistrate Court issued the R & R now before the Court based on its evaluation. *(Id.)*

According to the R & R, "[t]his court has previously noted that [Plaintiff] is a 'frequent filer of patently meritless lawsuits' who demonstrates a 'marked propensity to abuse the judicial system in an attempt to harass the defendants as well as the court.'" *(Id.)* (citing *Smith v. Dell, Inc.*, No. 2:06-cv-2496-JDB-dkv, ECF No. 4, 8-9 (W.D. Tenn. Jan. 24, 2007)) The R & R notes that "Judge J. Daniel Breen ordered that [Plaintiff] 'may not commence any action in this district without paying the full civil filing fee." *(Id.)* (citing *Smith* at 10) It also notes that "Judge Breen's order likewise applies to 'any action that is filed in another district and transferred to this district.'" (Id.) (citing *Smith*, No. 2:06-cv-2496-JDB-dkv, at 10-11).

Based on the directives in *Smith*, the Magistrate Court "recommended that [Plaintiff]'s motion for leave to proceed in forma pauperis be denied with prejudice and that, should the presiding District Judge adopt this recommendation, [Plaintiff] be required to pay the fill $400.00 civil filing fee within fourteen (14) days from that order." *(Id.)*

Plaintiff timely objected to the R & R. (ECF No. 13); s*ee* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Plaintiff's objections are hard to understand. But they appear to provide justifications for Plaintiff's prior lawsuits in this district. The issue before this Court is

thus whether Plaintiff's justifications undermine the validity of the Magistrate Court's recommendations. The Court finds that they do not.

## ANALYSIS

The Court must review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cty. Gov't*, No. 217-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Having reviewed the R & R, the Court finds that it must bind itself to the 2007 order entered by Judge Breen, which requires Plaintiff to pay the civil filing fee if she wishes to proceed with the lawsuits she files. Plaintiff has known about the cost of filing lawsuits in this district for some 12 years. The Court thus finds that Plaintiff has not properly objected to the Magistrate Court's findings, and that the R & R's reasoning is well-taken.

## CONCLUSION

For the reasons above, the Court DENIES Plaintiff's objection and ADOPTS the R & R. The Court thus DENIES Plaintiff's motion for leave to proceed in forma pauperis and DIRECTS Plaintiff to pay the $400 civil filing fee if she wishes to pursue this litigation.

**SO ORDERED**, this 22nd day of August, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT  JUDGE

3